United States District Court
Southern District of Texas
**ENTERED**
October 05, 2023
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| KENNETH MACKENZIE, | § | |
| Plaintiff | § | |
| | § | |
| v. | § | Civil Action No. 1:23-cv-144 |
| | § | |
| USVAMC DEBAKEY HOSPITAL | § | |
| POLICEMAN CONGER 372, ET AL., | § | |
| Defendants | § | |

**MAGISTRATE JUDGE'S
REPORT AND RECOMMENDATION**

Before the Court is Plaintiff Kenneth MacKenzie's Complaint. Dkt. No. 1. For the reasons provided below, it is recommended that the Court: (1) **DISMISS WITH PREJUDICE** MacKenzie's Complaint; and (2) **DIRECT** the Clerk of Court to **CLOSE** this case.

## I. Background

On September 29, 2023, MacKenzie, proceeding pro se, filed his Complaint. Dkt. No. 1. MacKenzie sues the United States Department of Veterans Affairs ("VA") and various affiliated doctors and police officers, asserting claims for blacklisting, conspiracy, and wrongful death under federal and state criminal laws and the terrorism exception to the Foreign Sovereign Immunities Act. Dkt. No. 1; *see* 28 U.S.C. § 1605A(c). He asserts that state and federal prosecutors must convene grand juries to: (1) investigate the VA's "black[]listing system" against U.S. military veterans resulting in over "350,000 dead U.S. veterans"—a "body count compared to Adolph Hitler[']s death camp body counts of WW2," Dkt. No. 1 at 8, 39; (2) protect "U.S. Crime Victim Families, attacked by al Qaeda

terrorists operating inside and outside the United States," *id.* at 9; and (3) safeguard the lives of various European and U.S. ambassadors, *id.* at 10–12. Buried in his 63-page complaint is MacKenzie's allegation that two police officers "wrongly arrested" him and prevented him "against his will, from obtaining medical care" during an October 1, 2019 medical appointment. Dkt. No. 1 at 36–37. MacKenzie seeks over $300 million dollars in damages. *Id.* at 35.

## II.  APPLICABLE LAW

MacKenzie requested to proceed *in forma pauperis*. Dkt. No. 3. The Court granted Mackenzie's request and must therefore review his Complaint under 28 U.S.C. § 1915. *See* Dkt. No. 6. Section 1915(e)(2)(B) provides in part that "the court shall dismiss the case at any time if the court determines that . . . the action . . . is frivolous or . . . fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B). A complaint "is frivolous where it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." *Id.* at 327. A claim lacks an arguable basis in fact when the "factual contentions are clearly baseless," such as when they "describ[e] fantastic or delusional scenarios." *Id.* "A complaint fails to state a claim under § 1915(e)(2)(B)(ii) when it lacks sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Carmouche v. Hooper*, 77 F.4th 362, 366 (5th Cir. 2023) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

A complaint filed pro se "is to be liberally construed . . . and . . . however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *see* Fed. R. Civ. Proc. 8(e)

("Pleadings must be construed so as to do justice."). However, pro se status does not offer a plaintiff an "impenetrable shield, for one acting pro se has no license to harass others, clog the judicial machinery with meritless litigation, and abuse already overloaded court dockets." *Farguson v. MBank Hous., N.A.*, 808 F.2d 358, 359 (5th Cir. 1986).

Generally, "a district court may only dismiss a case *sua sponte* after giving the plaintiff notice of the perceived inadequacy of the complaint and an opportunity for the plaintiff to respond." *Brown v. Taylor*, 829 F.3d 365, 370 (5th Cir. 2016). Notice and an opportunity to respond are unnecessary, however, "in cases where the facts alleged are 'fantastic or delusional scenarios' or the legal theory upon which a complaint relies is 'indisputably meritless.'" *Eason v. Thaler*, 14 F.3d 8, 9 n.5 (5th Cir. 1994) (quoting *Neitzke*, 490 U.S. at 327–28); *see also Mackenzie v. Al-Gaddafi*, 669 F. App'x 227, 227 (5th Cir. 2016) (affirming sua sponte dismissal of frivolous complaint with prejudice under § 1915(e)(2)(B)).

### III.   ANALYSIS

MacKenzie's claims are both legally and factually frivolous. *See* 28 U.S.C. § 1915(e)(2)(B)(i). MacKenzie further fails to state claims for which relief can be granted. *See id.* § 1915(e)(2)(B)(ii). Besides listing state and federal criminal statutes, MacKenzie cites no legal authority in support of his claims. To the extent that his claim that two police officers "wrongly arrested" him and prevented him "against his will, from obtaining medical care" could be liberally construed as raising a claim under 42 U.S.C. § 1983, it also fails. Dkt. No. 1 at 36–37; *see* 42 U.S.C. § 1983. "Section 1983 provides a federal cause of action, but federal courts look to a state's statute of limitations for personal-injury torts to decide when § 1983 claims toll." *Winfrey v. Rogers*, 901 F.3d 483, 492 (5th Cir. 2018);

*see Heilman v. City of Beaumont*, 638 F. App'x 363, 366 (5th Cir. 2016) ("Section 1983 does not prescribe a statute of limitations. Instead, '[t]he statute of limitations for a suit brought under § 1983 is determined by the general statute of limitations governing personal injuries in the forum state.'"). Texas maintains a two-year statute of limitations for personal injury claims. TEX. CIV. PRAC. & REM. CODE ANN. § 16.003(a); *see Winfrey*, 901 F.3d at 492. Here, MacKenzie asserts that the alleged unlawful actions underlying his presumptive § 1983 claim occurred on October 1, 2019; he filed this action on September 29, 2023—nearly four years later. Dkt. No. 1 at 1, 36–37. Thus, MacKenzie's construed § 1983 claim is time-barred. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 16.003(a); *Winfrey*, 901 F.3d at 492; *see also Pino v. Ryan*, 49 F.3d 51, 54 (2d Cir. 1995) (affirming sua sponte § 1915 dismissal on statute of limitations grounds); *Webb v. Perkiomen Sch.*, 349 F. App'x 675, 676 (3d Cir. 2009) (same); *Eriline Co. S.A. v. Johnson*, 440 F.3d 648, 655 (4th Cir. 2006) (same); *Fogle v. Pierson*, 435 F.3d 1252, 1258 (10th Cir. 2006) (same); *Dellis v. Corr. Corp. of Am.*, 257 F.3d 508, 511 (6th Cir. 2001) (same).

MacKenzie has failed to state a claim for which relief can be granted and his claims are frivolous. *See* 28 U.S.C. § 1915(e)(2)(B). The Court further finds that it does not appear his "frivolous factual allegations c[an] be remedied through more specific pleading." *Denton v. Hernandez*, 504 U.S. 25, 34 (1992). For these reasons, MacKenzie's Complaint should be dismissed with prejudice. *See* 28 U.S.C. § 1915(e)(2)(B); *see also Mackenzie*, 669 F. App'x at 227.

## IV. RECOMMENDATION

For the foregoing reasons, it is recommended that the Court: (1) **DISMISS WITH PREJUDICE** Plaintiff's claims; and (2) **DIRECT** the Clerk of Court to **CLOSE** this case.

## V. NOTICE TO PARTIES

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415 (5th Cir. 1996).

**SIGNED** on this **5th** day of **October, 2023**, at Brownsville, Texas.

_____
**Ignacio Torteya, III**
**United States Magistrate Judge**