UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| KENNETH MACKENZIE, <br> "Plaintiff," <br><br> v. <br><br> USVAMC DEBAKEY HOSPITAL <br> POLICEMAN CONGER 372, et al., <br> "Defendants." | § <br> § <br> § <br> § <br> § <br> § <br> § <br> § | Civil Action No. 1:23-cv-00144 |

## ORDER ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Before the Court is the "Magistrate Judge's Report and Recommendation" ("R&R") (Dkt. No. 8) and Plaintiff's "Objections" (Dkt. No. 13), "Motion Requesting Court Appointment of Attorney" ("Motion to Appoint Attorney") (Dkt. No. 12), "Motion #5 for Court Ordered Temporary Stay" ("Motion for Stay") (Dkt. No. 14), "Motion #2 for Court Ordered Provision by U.S. Department of Justice" (Dkt. No. 15), "Motion #3 for US Court to Notify US Attorney General" (Dkt. No. 16), and "Motion #4 for US Court to Notify US President" (Dkt. No. 17).

### I. PROCEDURAL HISTORY

Plaintiff, proceeding pro se, asserts various claims against Defendants for blacklisting, conspiracy, and wrongful death under federal and state criminal laws, 42 U.S.C. § 1983, and the terrorism exception to the Foreign Sovereign Immunities Act. Dkt. No. 1. Plaintiff requested his Complaint be filed under seal, which the magistrate denied. Dkt. Nos. 2 & 7.

The Magistrate later issued an R&R (Dkt. No. 8) recommending the Court dismiss with prejudice Plaintiff's Complaint (Dkt. No. 1) because his claims "are both legal and factually frivolous," Plaintiff fails to state a claim for which relief can be granted, and Plaintiff's 42 U.S.C. § 1983 claim is barred by the statute of limitations. Dkt. No. 8 at 3.

After the R&R was issued, Plaintiff objected to the Magistrate's authority to preside over this suit and the Magistrate's denial of Plaintiff's motion to seal his complaint. Dkt. No. 13. Plaintiff also moved the Court to compel the US Department of Justice ("DOJ") to place Plaintiff in a witness relocation and protection program and notify President Joseph Biden and the US Attorney General of the necessity for him to be in such a program. Dkt. Nos. 15-17. Plaintiff claims

he needs protection after his home address was made available to terrorists after the Magistrate denied his request to seal his lawsuit. Dkt. Nos. 15-17; *see* Dkt. No. 13.

Plaintiff also moved the Court to appoint counsel and, alternatively, for a stay to find an attorney. Dkt. Nos. 12 & 14.

## II. DISCUSSION

### A. Plaintiff's Motions to Appoint Attorney and for Stay

Plaintiff requests that the Court appoint an attorney for him because he is a "100% disabled veteran." Dkt. No. 12. "There is no right to appointment of counsel in civil cases," but a district court may appoint counsel if it would promote "an efficient and equitable disposition of the case." *Delaughter v. Woodall*, 909 F.3d 130, 140 (5th Cir. 2018) (quoting *Jackson*, 811 F.2d at 262)). Counsel should be appointed only in "exceptional circumstances." *Delaughter*, 909 F.3d at 141.

While the Court is sympathetic to Plaintiff's condition, the Court finds the circumstances are not "exceptional" to warrant appointment of counsel. Counsel cannot overcome the fact that Plaintiff's § 1983 claims are barred by the statute of limitations nor that Plaintiff's other claims "are both legal and factually frivolous." Dkt. No. 8 at 3. Thus, Plaintiff's Motion to Appoint Attorney (Dkt. No. 12) is **DENIED.**

Alternatively, Plaintiff requests that the Court grant a temporary stay to allow him time to find counsel. Dkt. No. 14. A district court has broad discretion to stay proceedings in the interest of justice and to control its docket. *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). "Proper use of this authority 'calls for the exercise of judgment, which must weigh competing interests and maintain an even balance.'" *Wedgeworth v. Fibreboard Corp.*, 706 F.2d 541, 545 (5th Cir. 1983) (quoting *Landis*, 299 U.S. at 254–55).

The Court finds it is not in the interest of justice to stay the proceedings to allow Plaintiff to hire counsel for the same reasons the Court denied Plaintiff's Motion to Appoint Counsel. Thus, Plaintiff's Motion for Stay (Dkt. No. 14) is **DENIED.**

### B. The Magistrate's R&R

Objections were due October 17, 2023. *See* Dkt. Nos. 8 & 13. Plaintiff timely filed a 51-page brief (Dkt. No. 13) objecting to the R&R (Dkt. No. 8). Plaintiff did not seek leave to file a pleading over the Court's 20-page limit, nor did Plaintiff show good cause for exceeding the page limit. *see* L.R. 6(F). Pages 21-51 of Plaintiff's "Objections" (Dkt. No. 13) are therefore **STRUCK** from the docket.

In pages 1-20 of Plaintiff's Objections, Plaintiff objects to the Magistrate's authority to preside over his case because Plaintiff never consented to the Magistrate. Dkt. No. 13. The Federal Magistrate's Act, 28 U.S.C. § 631, *et seq.*, permits district courts to refer non-dispositive, pretrial matters to magistrate judges. 28 U.S.C. § 636. Referrals lie with the discretion of the district court, not the parties. *Gonzalez v. United States*, 553 U.S. 242, 245 (2008); 28 U.S.C. § 636(b)(1)(A)). Thus, Plaintiff's objections to the Magistrate handling pretrial matters are **OVERRULED**.

Plaintiff did not object to the Magistrate's finding that his claims are frivolous, failed to state a claim, and are barred by the statute of limitations. *See* Dkt. No. 13. If there have been no objections to the Magistrate's ruling, then the appropriate standard of review is "clearly erroneous, abuse of discretion and contrary to law." *United States v. Wilson*, 864 F.2d 1219, 1221 (5th Cir. 1989). Finding no clear error, abuse of discretion, or finding contrary to law, the R&R (Dkt. No. 8) is **ADOPTED**.

Plaintiff also made several disparaging remarks about the Magistrate. *See* Dkt. No. 13. The Court **ADMONISHES/WARNS** Plaintiff that if he continues to submit abusive, disparaging, or contemptuous filings, he could be subject to sanctions, including monetary sanctions and an injunction preventing him from filing additional lawsuits. *See Miller v. Grimberg*, No. 3:21-CV-3003-G-BT, 2023 WL 2842864, at *1 (N.D. Tex. Apr. 7, 2023).

### C. Plaintiff's Objections to the Magistrate's Order Denying Plaintiff's Request to File This Case Under Seal

The Court also construes pages 1-20 of Plaintiff's "Objections" (Dkt. No. 13) as objections to the Magistrate's denial of Plaintiff's motion to seal his complaint. *See Lee v. Plantation of Louisiana, LLC*, 454 Fed.Appx. 358 (5th Cir. 2011) (holding litigant had to object to magistrate judge's interlocutory order before appealing decision to appellate court). The district court reviews a magistrate's ruling on a non-dispositive, pretrial motion for "clear error." *Castillo v. Frank*, 70 F.3d 382, 385 (5th Cir. 1995) (citing 28 U.S.C. § 636(b)(1)(A)). Finding no clear error in the Magistrate's order denying Plaintiff's request to file this case under seal (Dkt. No. 7), Plaintiff's Objections (Dkt. No. 13) are **OVERRULED**.

### D. Plaintiff's request for witness protection must be denied.

3

Plaintiff also moves the Court to compel the DOJ to place Plaintiff in a witness relocation and protection program and notify President Biden and the US Attorney General of his necessity to be in such a program. Dkt. Nos. 15-17.

Plaintiff's claims of terrorism are unfounded, and the authority to relocate and protect a witness is within the Attorney General's discretion. 18 U.S.C. § 3521. Thus, the Court lacks jurisdiction to grant the relief Plaintiff seeks. Plaintiff's Motions (Dkt. Nos. 15-17) are therefore **DENIED**.

### III. CONCLUSION

For these reasons, Plaintiff's "Motion to Appoint Attorney" (Dkt. No. 12), "Motion for Stay" (Dkt. No. 14), "Motion #2 for Court Ordered Provision by U.S. Department of Justice" (Dkt. No. 15), "Motion #3 for US Court to Notify US Attorney General" (Dkt. No. 16), and "Motion #4 for US Court to Notify US President" (Dkt. No. 17) are **DENIED.**

Pages 21-51 of Plaintiff's Objections (Dkt. No. 13) are **STRUCK** from the docket. The Court **WARNS** Plaintiff that if he continues to submit abusive, disparaging, or contemptuous filings, he could be subject to sanctions.

Plaintiff's claims against Defendants are **DISMISSED with prejudice**. Plaintiff's objections are **OVERRULED.** The Clerk of the Court is **ORDERED** to close this case.

Signed on this 2nd day of November, 2023.

Rolando Olvera
United States District Judge